United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 17, 2025
Lyle W. Cayce
Clerk

No. 25-30151

In re James Skinner,

*Movant.*

Motion for an order authorizing
the United States District Court for the
Middle District of Louisiana to consider
a successive 28 U.S.C. § 2254 application

UNPUBLISHED ORDER

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:

James Skinner was convicted by a non-unanimous jury of second-degree murder in the death of Eric Walber and sentenced to life in prison without the possibility of parole. His conviction became final in 2007, and in 2010, the district court dismissed his application for habeas relief as untimely. Skinner now moves for authorization to file a successive habeas application in accordance with 28 U.S.C. § 2244(b)(3)(C). He argues that the prosecution suppressed material evidence favorable to his case in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and that it violated its obligation not to solicit, or to correct, false testimony under *Napue v. Illinois*, 360 U.S. 264, 269 (1959).

We may authorize a second or successive application only if the defendant makes a prima facie showing that "(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C § 2244(b)(2)(B); *see also In re Will*, 970 F.3d 536, 541 (5th Cir. 2020). "A prima facie showing is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Id.* (quoting *In re Cathey*, 857 F.3d 221, 226 (5th Cir. 2017)). We will grant authorization to file a successive application so long as it's "reasonably likely that the withheld evidence would have changed the outcome." *Id.* at 544.

After careful review of Skinner's motion, the proposed habeas application, and the voluminous exhibits, we find that Skinner has made a prima facie showing that at least some of the claims he presents in his new application could not have been discovered previously through the exercise of due diligence, and that, if proven and viewed in light of the evidence as a whole, may be sufficient to establish by clear and convincing evidence that, but for these constitutional errors, no reasonable factfinder would have found Skinner guilty of the offense.

Of course, we do not purport to make any conclusive findings at this stage, and our grant is "tentative." *Id.* at 543. Even though Skinner may file his application, the district court must conduct its own "thorough review" of Skinner's motion and must dismiss the motion, without reaching the merits, if it determines that Skinner has not satisfied the § 2244(b)(2)(B) requirements. *See id.* at 543; *see also In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003).

No. 25-30151

IT IS THEREFORE ORDERED that Skinner's motion for authorization to file a successive habeas corpus petition is GRANTED.



A True Copy
Certified order issued Jun 17, 2025

Clerk, U.S. Court of Appeals, Fifth Circuit